UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DIANE LYNN,

    Plaintiff,

v.        Civil Action No.:

ASCENSION WISCONSIN,

    Defendant.        Jury Trial Demanded

---

# COMPLAINT

---

Plaintiff Diane Lynn, by and through her counsel, William Wetzel and Cross Law Firm, S.C., complains and states as follows against Defendant Ascension Wisconsin Pharmacy, Inc.

## NATURE OF ACTION

1. Plaintiff brings action against Ascension Wisconsin Pharmacy, Inc. ("Ascension" or "Defendant") alleging violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, *et. seq..* to provide appropriate relief to Plaintiff who was terminated from her job because of her age and because she opposed age discrimination. Plaintiff seeks back pay, reinstatement, attorneys fees, compensatory damages, and all other remedies to which she is entitled by law.

## JURISDICTION

2. This action is authorized and arises under federal law and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper within the United States District Court State of Wisconsin, Eastern District Milwaukee Division, pursuant to 28 U.S.C. § 1391(b)(1) as all parties reside or exist in the Eastern District of the State of Wisconsin, the Defendant does substantial business in that District and the events and omissions giving rise to this claim occurred in that District.

## PARTIES

4. Plaintiff, Diane Lynn ("Lynn" or "Plaintiff") is a resident and citizen of the State of Wisconsin residing in the Town of Oconomowoc in Waukesha County, WI.

5. Defendant is a corporation registered to do business in the State of Wisconsin.

6. Plaintiff was employed by Defendant from July 1980 until she was terminated on May 13, 2021.

7. Plaintiff worked for Defendant successfully for more than forty years.

8. Defendant Ascension Wisconsin, Inc., is a corporation doing business in the State of Wisconsin. Defendant does business in the City of Milwaukee, Milwaukee County, WI. Its registered agent is Corporation Service Company at 33 East Main Street, Suite 610, Madison, WI 53703.

## FACTS

9. Plaintiff was born in 1959.

10. Plaintiff was first employed by Defendant in July of 1980 as a Medical Technologist Intern and subsequently as a full-time Associate.

11. Throughout her employment with Defendant, she was promoted several times.

12. In September of 2017, Plaintiff was a Pharmacy Project Coordinator and was involuntarily transferred into Defendant's Pharmacy 340B Department.

13. At the time of her transfer, Plaintiff was fifty-eight years old.

14. She was significantly older than all the other employees who were transferred into this department, including her manager, Cescilly Smith-Jenkins.

15. Smith-Jenkins treated Plaintiff differently than Plaintiff's younger colleagues and held her to higher standards, even going so far as to informally designate her the "Team Lead" and "340B Coordinator" These designations did not come with any additional compensation or leadership authority.

16. Plaintiff was never given a separate job description to reflect her 340B team lead or 340B coordinator position, nor did this position formally exist.

17. Smith-Jenkins regularly held Plaintiff responsible for ensuring her coworkers completed their work despite the fact that Plaintiff's coworkers did not report to her, and she was on the same hierarchical level as her coworkers. Smith-Jenkins also required Plaintiff to take on leadership duties including tracking her coworkers' progress, reporting on others' audit findings, and reporting on attendance of other associates when Smith-Jenkins was not present.

18. In 2018, Defendant changed Plaintiff's official job title and job code from "Project Coordinator" to "Data Analyst" without explanation. Plaintiff was not given a new job description. When Plaintiff questioned Smith-Jenkins about this lack of a job description, Smith-Jenkins dismissed her inquiries.

19. Plaintiff was in a salaried (FLSA exempt) position but had no control over her workload, or decision-making authority. Thus, Smith-Jenkins was able to force Plaintiff to take on additional workload with no additional compensation.

20. Smith-Jenkins began giving the most desirable work and projects to Plaintiff's younger coworkers and diminishing Plaintiff's role in the Department. When Plaintiff expressed concern about these favorable projects and assignments being taken away from her and given to her younger colleagues, Smith-Jenkins ignored her concern and directed her to allow her coworkers to take over the projects and assignments.

21. Over time Plaintiff realized that Smith-Jenkins was attempting to drive her out of the Department and her employment with Defendant.

22. On February 2, 2021, Smith-Jenkins placed Plaintiff on a "Level 3 – Decision-Making Leave Corrective Action Plan." This was a disciplinary action. Prior to this, Plaintiff had successfully met Defendant's expectations for forty-one years.

23. The unfounded disciplinary action required Plaintiff to assume additional responsibility for her coworkers' work and went far beyond the expectations for Plaintiff's position.

24. Defendant also required Plaintiff to submit a "Corrective Action Plan" or "CAP" of her own; a plan to show Defendant how Plaintiff planned to address falsely alleged performance deficiencies. Plaintiff was not given guidance on how to complete this requirement.

25. On February 8, 2021 Plaintiff took personal leave for a serious health condition.

26. On February 12, 2021 Plaintiff sent an email to Smith-Jenkins opposing discrimination on the basis of her age. She wrote, "This is to communicate my good faith belief that I have been put on a corrective action plan in discrimination based on my age, and the intent to create a paper trail to terminate, not actually to correct performance."

27. Early in March, 2021, Plaintiff informed Smith-Jenkins that she would be returning from medical leave on May 3, 2021.

28. On March 15, 2021, Plaintiff's counsel sent Defendant a letter opposing age discrimination.

29. Immediately after receiving the letter opposing age discrimination, Defendant removed Plaintiff's access to Defendant's information systems, including emails and Human Resources information.

30. On April 30, 2021, Plaintiff informed Defendant for a second time, that she would be returning from medical leave on May 3, 2021. At that time, Defendant placed her on an involuntary "Decision-Making Leave," preventing her from returning to work.

31. Defendant then required Plaintiff to submit a new "Corrective Action Plan," claiming that her previous one was not sufficient. Defendant did not inform Plaintiff what was insufficient about her previous Corrective Action Plan submission.

32. Despite the lack of direction, Plaintiff submitted a revised Corrective Action Plan on May 3, 2021.

33. Defendant called Plaintiff on May 13, 2021 and told her, "At this time, we want to let you know that it has been determined that your Corrective Action Plan is insufficient and therefore we will be moving forward with separation of employment effective immediately."

34. Defendant violated the ADEA when it terminated Plaintiff because of her age and in retaliation for her opposition to age discrimination.

35. As a direct result of Defendant's termination of Plaintiff, in violation of the ADEA, Plaintiff has suffered economic loss, including loss of wages and benefits.

36. Plaintiff received a Notice of the Right to Sue dated June 29, 2023. This action is timely filed.

## COUNT I – RETALIATION IN VIOLATION OF THE ADEA

37. Plaintiff incorporates paragraphs 1-36 as though fully set forth herein.

38. Defendant terminated Plaintiff on May 13, 2021, because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, and by retaliating against Plaintiff because of her opposition to age discrimination in the workplace.

39. Plaintiff was sixty-two years old at the time relevant to her complaint.

40. Plaintiff opposed age discrimination herself, and through counsel.

41. Defendant terminated Plaintiff in retaliation for her opposition to age discrimination.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

42. Plaintiff incorporates the allegations in paragraphs 1 through 41 above, and, in addition, alleges that Defendant discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, by holding her to higher standards than her younger coworkers, placing her on involuntary leave, and by terminating her employment.

43. Plaintiff was 62 at the time relevant to this Complaint.

44. At all relevant times, Plaintiff was meeting Defendant's legitimate business expectations.

45. Defendant replaced Plaintiff with a substantially younger employee and less qualified employee.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grant to Plaintiff the following relief:

(a) Grant Plaintiff judgment in her favor.

(b) Order the Defendant to make Plaintiff whole by providing back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c) Order the Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses including out of pocket costs resulting from the unlawful employment practices described above, in amounts to be determined at trial.

(d) Order the Defendant to reinstate Plaintiff to her prior position and seniority level, or, in the alternative, award Plaintiff front pay.

(e) Order the Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, in amounts to be determined at trial.

(f) Order Defendant to pay Plaintiff her reasonable attorney's fees and costs incurred as a result of bringing this action.

(g) Order the Defendant to pay Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest as determined at trial.

(h) Enjoin and permanently restrain Defendant from violating the ADEA.

(i) Grant Plaintiff any further and additional relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests trial by jury of all issues triable under federal law.

Respectfully submitted and dated this 25th of September 2023.

**Cross Law Firm, S.C.**
Attorneys for Plaintiff, Diane Lynn

By: /s/ William Wetzel
William Wetzel
State Bar No. 1093711
Mary C. Flanner
State Bar No. 1013095
Cross Law Firm, S.C.
845 N. 11th Street
Milwaukee, WI 53233
Tel: (414) 224-0000
Fax: (414_ 273-7055
Wetzel@crosslawfirm.com
MFlanner@crosslawfirm.com